IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

THOMAS ARMISTEAD PHILLIPS,      )
                                )
      Plaintiff,                )
                                )
v.                              )   CIVIL ACTION 23-0140-WS-MU
                                )
UNITED STATES OF AMERICA, et al.,  )
                                )
      Defendants.               )

## ORDER

This matter is before the Court on the motion of the governmental defendant ("the Corps") to dismiss.  (Doc. 10).  The parties have filed briefs in support of their respective positions, (Docs. 10, 18, 19, 32), and the motion is ripe for resolution.  After careful consideration, the Court concludes the motion is due to be denied.

## BACKGROUND

According to the complaint, (Doc. 1), the Corps operated and maintained a boat launch and dock on Claiborne Lake.  The plaintiff was injured when he fell through a rotten board on the dock.  The Corps "undertook a duty to build, maintain, and repair" the dock but, through "the negligent and wrongful acts and omissions of a government employee while acting within the course and scope of his employment," the Corps "negligently maintained that boat dock, and allowed a board or boards to become rotten." The single claim against the Corps is for negligence or wantonness.  (*Id*. at 1-3).

The complaint further alleges that the Corps entered a contract ("the Contract") with the private defendant ("EOM") "for maintenance and repair of the aforementioned boat dock."  EOM breached this contract "by failing to maintain the boat [sic] as required by the contract," resulting in the plaintiff's injuries.  The plaintiff claims to be a third-

party beneficiary of the contract, and he sues EOM for breach of contract.  (Doc. 1 at 1, 3-4).

## DISCUSSION

The Corps argues, pursuant to Rule 12(b)(1), that the Court lacks subject matter jurisdiction.  The Corps argues, pursuant to Rule 12(b)(6), that the complaint fails to state a claim upon which relief may be granted.

### A.  Subject Matter Jurisdiction.

The plaintiff's claim against the Corps is brought pursuant to the Federal Tort Claims Act ("FTCA").  (Doc. 1 at 2).  As sovereign, the United States is immune from suit unless, and only to the extent that, it consents to be sued.  *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015).  The FTCA represents a partial waiver of immunity for state tort claims, but courts "must strictly observe the limitations and conditions upon which the Government consents to be sued."  *Id*. at 1322 (internal quotes omitted).  "If there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit."  *Id*.

The FTCA waives sovereign immunity only with respect to the wrongful act or omission "of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b).  An independent contractor is not an employee of the government for purposes of this provision.  *Means v. United States*, 176 F.3d 1376, 1380 (11th Cir. 1999) (explaining *Logue v. United States*, 412 U.S. 521 (1973)).  The Corps argues that the Court lacks subject matter jurisdiction "because [the plaintiff's] injuries arose from the purported conduct of [EOM], an independent contractor."  (Doc. 10 at 7).

Whether an individual is an employee of the government is determined by "the 'control' test."  *Means*, 176 F.3d at 1379.  "Under this test, a person is not an 'employee of the government' for FTCA purposes unless the government controls and supervises the day-to-day activities of the individual."  *Id*.  "The central jurisdictional question under the

FTCA remains whether the alleged tortfeasor is an 'employee of the government[,]' and that determination is to be made by reference to the degree of physical control the government exercises." *Id*. at 1380. "[W]e hold that the threshold test for determining whether an individual is an 'employee of the government' is whether the government supervised the day-to-day activities of the individual who allegedly committed the tortious acts." *Id*. The Corps reviews various provisions of the Contract, (Doc. 10 at 2-4, 10-11), and concludes that they show the Corps "delegated day-to-day responsibility for the repair and maintenance of the boat dock at issue to an independent contractor," *viz*., EOM. (*Id*. at 1).[1] The Corps cites cases it believes stand for the propositions that lack of exercised control can be established solely from the contract, without consideration of the parties' actual dealings, and that actual exercise of control must be affirmatively alleged in the complaint. (*Id*. at 8-10).

The plaintiff's response moots consideration of the Corps' argument.

The plaintiff asserts that the Corps' argument proceeds from a false premise: that the "government employee" on whose conduct his claim under the FTCA is based is EOM (or an employee of EOM). "Phillips's allegations of liability are two-fold: one that employees of the United States caused his injury and [two] that East also caused his injury." (Doc. 18 at 3). "[O]ne of the questions on the merits is whether an employee or employees of the United States committed some independent act of negligence or wantonness irrespective of the actions and responsibilities of" EOM. (*Id*. at 4). The language of the complaint confirms the plaintiff's description, clearly delineating between the tort claim based on the conduct of a Corps employee and the contract claim based on the conduct of EOM.[2]

---

[1] The Court may consider the Contract without converting the Corps' motion into one for summary judgment, because the Contract's contents are alleged in the complaint, the Contract is central to the plaintiff's claims, and its authenticity is not challenged. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

[2] "This is a tort action against the United States under the Federal Tort Claims Act, alleging negligence by a United States government employee in the maintenance and repair of a

The Corps in its reply brief does not disagree with this reading of the complaint. Instead, the Corps changes tack. Even if the employee at issue is alleged to be an actual employee of the government, the Corps says it "cannot be held liable for any duties delegated to" EOM. In such a case, the independent contractor exclusion still applies, and subject matter jurisdiction is thus still lacking. The Corps argues that, by the allegations of the complaint, the duties it allegedly owed the plaintiff are the same duties it delegated to EOM, triggering application of this rule. (Doc. 19 at 2-3).

"District courts, including this one, ordinarily do not consider arguments raised for the first time on reply." *Parker v. Exterior Restorations, Inc*., ___ F. Supp. 3d ___, 2023 WL 375359 at *1 (S.D. Ala. 2023) (internal quotes omitted). "Unless the offending party articulates an adequate reason for its failure to present in its principal brief an argument then available to it, the Court will not grant relief based on arguments first raised in reply." *Id*. The Corps offers no reason for assuming the "employee" alleged in the complaint was EOM or an employee of EOM, and no reason is necessarily an inadequate reason. "However, because – and only because – the defendant raises the argument as a challenge to subject matter jurisdiction, the Court addresses it." *Arnold v. State Farm Fire and Casualty Company*, 268 F. Supp. 3d 1297, 1303 (S.D. Ala. 2017).

The complaint alleges that the Corps undertook a duty to build, maintain, and repair the boat dock in question. (Doc. 1 at 2). The complaint alleges in one place that a government employee breached this duty as to "maintenance and repair," (*id*. at 1), and in another place that they did so by "negligently maintain[ing]" the dock. (*Id*. at 3). The complaint alleges that EOM entered a contract "to build, maintain, or repair" the boat dock or, as otherwise phrased, "for maintenance and repair" of the dock. (*Id*.).

The Corps concludes that the foregoing language establishes that "the Corps delegated all duties related to the maintenance and repair of the dock at issue to EOM." (Doc. 19 at 5; *accord id*. at 2 & n.1). Viewed in isolation and at a sufficiently high level of abstraction, these snippets might support the Corps' interpretation. However, the

---

boat dock …. This is also a breach of contract action against East O&M, LLC for its failure to safely and adequately maintain the same boat dock." (Doc. 1 at 1).

Corps has insisted that the Court also review the Contract, and the plaintiff points out provisions indicating that the Corps retained some responsibilities relative to maintenance and repair.  (Doc. 32 at 2-4).  In particular, the Contract reflects that the Corps maintains an inspection system, that Corps personnel are to identify items needing repair or maintenance, and that the contracting officer representative may identify work requiring repair or maintenance and direct EOM to perform same.  (Doc. 9-1 at 224-26).  While these provisions do not indicate that the Corps performed actual maintenance and repair, they do indicate that the Corps retained some degree of ongoing responsibility to identify items in need of maintenance or repair and to alert EOM to address such issues.[3]  For present purposes, the precise scope (or even the existence) of the Corps' retained responsibilities need not be determined; the important point is that the complaint's allegation that the Corps had duties regarding maintenance and repair is not necessarily inconsistent with, and thus negated by, the allegation that EOM had duties regarding maintenance and repair.  Because the Corps' narrow argument on motion to dismiss depends on such an inherent inconsistency, its argument thus fails.

In a footnote, the Corps argues that the complaint's allegation that the Corps undertook a duty to maintain and repair the boat dock must be ignored because it is merely conclusory.  (Doc. 19 at 6 n.3).  Given the contractual provisions outlined above, which the Corps insists be reviewed on motion to dismiss, the Court cannot agree.[4]

---

[3] *Cf. Phillips v. United States*, 956 F.2d 1071, 1073-74, 1077 (11th Cir. 1992) (although the Corps was not actively engaged in the contractor's construction work, it did have duties to inspect the scaffolds and to ensure that the contractor did so, the breach of which duties by the Corps would support liability).

[4] The plaintiff argues that, even if the Contract purported to delegate to EOM all matters related to maintenance and repair, under Alabama law a landowner has a nondelegable duty to maintain its premises in a reasonably safe condition and that, under Eleventh Circuit law, the Corps may be found liable for its own negligent breach of a nondelegable duty imposed by state tort law.  (Doc. 32 at 5 (discussing *Dickerson v. United States*, 875 F.2d 1577 (11th Cir. 1989), and *Borden v. Consumer Warehouse Foods, Inc*., 601 So. 2d 976 (Ala. 1992)).  Because the Corps has failed to show that the complaint negates its retention of any responsibilities regarding maintenance and repair, the Court need not consider the plaintiff's argument.  (cont'd)

### B. Failure to State a Claim.

The Corps argues that, pursuant to Alabama's recreational use statutes,[5] it owes no duty to the plaintiff.  (Doc. 10 at 11-14).  The plaintiff responds that the Corps is wrong on the merits.  (Doc. 18 at 6-9).  His initial argument, however, is that the Corps is relying on an affirmative defense and that it has failed to show that the allegations of the complaint establish all elements of that defense.  (*Id*. at 6).  The Court concurs.

The Alabama Supreme Court has described the recreational use statutes as "a defense to the action." *Henderson ex rel. Hartsfield v. Alabama Power Co*., 627 So. 2d 878, 881 n.1 (Ala. 1993), *abrogated in part on other grounds, Ex parte Apicella*, 809 So. 2d 865, 874 (Ala. 2001).  Sister courts likewise have described them as a "defense" or "affirmative defense." *George v. United States*, 735 F. Supp. 1524, 1535 (M.D. Ala. 1990); *Hume v. Hughes*, 2019 WL 7172395 at *1 (N.D. Ala. 2019).

The *Henderson* Court relied on *Owens v. Grant*, 569 So. 2d 707 (Ala. 1990).  The *Owens* Court characterized the recreational use statutes as providing a landowner "immunity." *Id*. at 710-12.  The Alabama Supreme Court has repeatedly confirmed this characterization. *E.g., Ex parte City of Millbrook*, 304 So. 3d 202, 203-04 (Ala. 2020); *Ex parte Town of Dauphin Island*, 274 So. 3d 237, 242 (Ala. 2018).

Alabama law treats assertions of immunity as affirmative defenses. *E.g., Ex parte Drury Hotels Co., LLC*, 303 So. 3d 1188, 1193 (Ala. 2020) (worker's compensation

---

The parties debate whether the plaintiff is entitled to jurisdictional discovery.  Before deciding a factual challenge to subject matter jurisdiction, "the district court *must* give the plaintiff an opportunity for discovery …." *Douglass v. United States*, 814 F.3d 1268, 1274-75 (11th Cir. 2016) (emphasis in original, internal quotes omitted).  In contrast, "[d]iscovery [is] not necessary" before resolving a facial challenge. *McElmurray v. Consolidated Government*, 501 F.3d 1244, 1251 (11th Cir. 2007).  The Corps' original argument – that the plaintiff was injured by the conduct of an independent contractor (EOM) – raised a factual challenge.  As discussed above, that argument fails without the need for discovery, because it proceeds from the false premise that the complaint alleges that EOM (or its employee) is an employee of the federal government.  The Corps' ultimate argument – that the complaint alleges that the Corps breached only duties it had delegated to EOM – is a facial challenge as to which discovery is inappropriate.

[5] Ala. Code §§ 35-15-1 to -5; *id*. §§ 35-15-20 to -28.

employer immunity); *Federal Credit, Inc. v. Fuller*, 72 So. 3d 5, 10 n.8 (Ala. 2011) (worthless check immunity); *J.B. v. Lawson State Community College*, 29 So. 3d 164, 170 (Ala. 2009) (qualified immunity).  The general rule is that statutory immunity[6] is an affirmative defense.  *Federal Credit*, 72 So. 3d at 10 n.8 (concluding that worthless check immunity is an affirmative defense because "other forms of statutory immunity are affirmative defenses").  The rule may even be stated globally:  "Immunity is an affirmative defense that the defendant must plead and prove."  *Matthews v. Alabama Agricultural and Mechanical University*, 787 So. 2d 691, 695 (Ala. 2000).

Because Alabama precedent deems statutory immunities to be affirmative defenses, and because it deems the recreational use statutes to impart statutory immunity, the Court concludes that they implicate an affirmative defense.

"Generally, the existence of an affirmative defense will not support a motion to dismiss.  …. In some cases, however, a complaint may be dismissed if an affirmative defense … appears on the face of the complaint."  *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1225 n.8 (11th Cir. 2016) (internal quotes omitted).  Even though the plaintiff pointed out that the Corps must show that the allegations of the complaint, on their face, establish all facts necessary for successful invocation of the recreational use statutes, (Doc. 18 at 6), the Corps in its reply makes no effort to make such a showing, and it is plain that the complaint does not on its face establish all such facts.

## CONCLUSION

For the reasons set forth above, the Corps' motion to dismiss is **denied**.


DONE and ORDERED this 30th day of October, 2023.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[6] Sovereign immunity, because it is constitutional rather than statutory, is "not an affirmative defense, but a jurisdictional bar."  *Ex parte Jefferson County Board of Education*, 348 So. 3d 397, 400 (Ala. 2021) (internal quotes omitted).