IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS ARMISTEAD PHILLIPS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 23-0140-WS-MU |
| UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on a motion to dismiss filed by the private defendant ("EOM"). (Doc. 59). The plaintiff has filed a response and EOM a reply, (Docs. 65, 67), and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion is due to be granted.

## BACKGROUND

According to the amended complaint, (Doc. 48), the plaintiff suffered personal injuries when he fell through a rotten board on a boat dock at Silver Creek Lake Campground on Claiborne Lake. The government defendant ("the Corps") operated and maintained the dock and adjacent boat launch. EOM and the Corps entered a contract ("the Contract") for maintenance and repair, including of the dock, as to which the plaintiff was a third-party beneficiary. EOM breached the Contract by failing to maintain the dock as required by the Contract, resulting in the hazardous condition the plaintiff encountered. The single claim against EOM is for breach of contract.[1]

---

[1] The plaintiff filed suit almost four years after the incident, subjecting any tort claim against EOM to a statute of limitations defense. Ala. Code § 6-2-38.

EOM argues that the plaintiff is not an intended third-party beneficiary of the Contract with the right to sue for its breach. On this basis, EOM seeks dismissal for lack of subject matter jurisdiction under Rule 12(b)(1).

## DISCUSSION

As a non-party to the Contract, the plaintiff "can only establish standing if [he] is an intended third-party beneficiary of the [Contract]." *Interface Kanner, LLC v. JPMorgan Chase Bank, N.A.*, 704 F.3d 927, 932 (11th Cir. 2013). Because "standing is a threshold jurisdictional question," *id*. (internal quotes omitted), its absence requires dismissal for lack of subject matter jurisdiction. *Id*. at 934.

The Contract incorporates by reference FAR 52.233-4, (Doc. 9-1 at 207, 209), which provides that "United States law will apply to resolve any claim of breach of this contract." 48 C.F.R. § 52.233-4. The parties agree that federal law controls the instant motion. (Doc. 59 at 4 & n.1; Doc. 65 at 7).

In the world of private contracts, the touchstone for distinguishing incidental third-party beneficiaries from intended third-party beneficiaries is "whether the claimant was intended to be benefited by the contract provision in question." *Beverly v. Macy*, 702 F.2d 931, 940 (11th Cir. 1983). The plaintiff finds it "[o]bviou[s]" that the contracting parties "intended that [he] would [derive] a direct benefit from the rendition of [EOM's] services," because "[w]ho else" would benefit from maintaining the dock "other than users of the dock," including the plaintiff. (Doc. 65 at 6, 9).

However compelling the plaintiff's argument might be in the ordinary case, the instant case involves a contract with the federal government, as to which EOM is the promisor, and in that context the test for establishing intended-third-party-beneficiary status is more rigorous than that proposed by the plaintiff.

Government contracts "often benefit the public, but individual members of the public are [nevertheless] treated as incidental beneficiaries unless a different intention is manifested." *Interface Kanner*, 704 F.3d at 933 (internal quotes omitted). "To overcome this presumption" that a member of the public is an incidental beneficiary of a

2

government contract, the plaintiff "must show that the parties clearly intended that [he] be permitted to sue to enforce" the Contract. *Id.* (internal quotes omitted). Under this test, it is not enough to show that the government contract was "intended to benefit the public"; even in such a situation, members of the public still "have no right to sue to enforce the government's contract without clear intent" to allow that result. *Harvin v. Nationwide Title Clearing*, 632 Fed. Appx. 599, 601 n.1 (11th Cir. 2016) (explaining *Interface Kanner*).

The Eleventh Circuit is hardly alone on this score. "The clear-intent hurdle is a high bar: even a showing that the contract operates to the third parties' benefit and was entered into with them in mind may not suffice. …. Instead, a putative third-party beneficiary must demonstrate an intent on the part of the contracting parties to grant it *enforceable rights*." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1160 (9th Cir. 2016) (emphasis in original, internal quotes omitted); *accord Kremen v. Cohen*, 337 F.3d 1024, 1029 (9th Cir. 2003) ("The contract must establish not only an intent to confer a benefit, but also an intention to grant the third party enforceable rights.") (internal quotes omitted); *Beckett v. Air Line Pilots Association*, 995 F.2d 280, 288 (D.C. Cir. 1993) (it is a "basic contract principle that third party beneficiaries of a Government contract are generally assumed to be merely *incidental* beneficiaries, and may not enforce the contract absent clear intent to the contrary") (emphasis in original).[2] As the Supreme Court has noted, "[t]he distinction between an intention to benefit a third party and an intention that the third party should have the right to enforce that intention is emphasized where the promisee is a governmental entity." *Astra USA, Inc. v. Santa Clara County*, 563 U.S. 110, 118 (2011) (internal quotes omitted); *see also Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 332 (2015) ("[T]he modern jurisprudence permitting intended beneficiaries to sue does not generally apply to contracts between a private party and the government ….") (plurality opinion) (citing *Astra USA*).

---

[2] *See also Hillside Metro Associates, LLC v. JPMorgan Chase Bank, N.A.*, 747 F.3d 44, 49 (2nd Cir. 2014); *MacKenzie Flagstar Bank, FSB*, 738 F.3d 486, 491-92 (1st Cir. 2013).

3

EOM repeatedly stresses this heightened standard, (Doc. 59 at 1, 5, 6, 7, 10, 11), but the plaintiff ignores it. The plaintiff urges the Court to follow *Beverly*, which employed federal common law and yet did not require the plaintiff to show a clear intent to permit her to sue on a contract to which she was not a party. (Doc. 65 at 4-6, 7-8). *Beverly* did rest on federal common law, 702 F.2d at 937, but it did not involve a government contract. *Id*. at 936 ("[T]he United States was not a party to the contract under which the appellant claims third-party status …."). The contract at issue in *Beverly* was between two private parties (an insurer and a flood insurers association), and federal law governed only due to the government's relationship to the litigation and the issues involved. *Id*. at 932, 936-37. While *Beverly* may reflect the content of federal common law in the context of private contracts, it does not supplant the *Interface Kanner* standard when, as here, the plaintiff sues on a federal contract.

The *Interface Kanner* Court cited and followed *GECCMC 2005-C1 Plummer Street Office Limited Partnership v. JPMorgan Chase Bank, N.A.*, 671 F.3d 1027 (9th Cir. 2012). The necessary "clear intent" to permit third parties to enforce the contract must be gleaned from "the precise language of the contract." *Id*. at 1033-34 (internal quotes omitted). The Eleventh Circuit likewise looked only to the government contract's language for evidence of the requisite "clear intent." 704 F.3d at 933 ("We … find that the P & A Agreement does not provide a 'clear intent' to benefit" the plaintiff).

As noted, the plaintiff relies on portions of the Contract that simply set forth EOM's agreement to maintain and repair property, including the dock at issue. Even if these provisions show an intent to benefit the public generally and the plaintiff in particular, they do not show an intent to permit him to sue EOM for not fulfilling its contractual obligation to the Corps. The plaintiff has not attempted to show otherwise.

The plaintiff next cites provisions requiring EOM's work to "be performed to various safety standards," which, he says, are "in order to benefit those using the premises." (Doc. 65 at 3). Assuming the accuracy of the plaintiff's representation (he has not presented the contents of any of these materials), by his own argument they go only to the question of benefit to the public and not to whether the contracting parties

4

intended to authorize members of the public to sue EOM in contract for failing to attain these standards.[3]

Finally, the plaintiff relies on two provisions addressing damage to third parties. First, that EOM "shall be responsible for all damages to persons or property that occur as a result of its fault or negligence." (Doc. 48 at 4; Doc. 65 at 3, 6 (quoting Doc. 9-1 at 173)). Second, that, subject to insurance and other qualifiers, EOM "shall be reimbursed … [f]or certain liabilities … to third persons [including "bodily injury" that] arise out of the performance of this contract …." (Doc. 65 at 3, 6-7 (quoting 48 C.F.R. 52.228-7(c))).

As the Second Circuit has observed, the former provision "was obviously meant to indemnify the government alone" and not to support third-party beneficiary status. *Brotherton v. Merritt-Chapman & Scott Corp.*, 213 F.2d 477, 478 (2nd Cir. 1954). Because EOM could of course be liable to third parties *in tort*, neither provision is capable of demonstrating a "clear intent" that EOM may properly be sued by third parties *in contract*. As in *Interface Kanner*, these provisions lack the "'specificity required to carve out enforceable rights'" in favor of third parties. 704 F.3d at 933 (quoting *GECCMC*, 671 F.3d at 1035).

The plaintiff asks the Court to limit *Interface Kanner* to its facts, which included an express contractual disclaimer of an intention to give third parties any right, remedy, or claim under the contract, except as otherwise specifically provided therein. 704 F.3d at 930. The plaintiff proposes that, because the Contract contains no such disclaimer, this case should be governed by *Beverly*. (Doc. 65 at 4). As noted, however, *Interface Kanner* adopts the standard to be used in any case controlled by federal law and involving a federal contract: the plaintiff must show, by reference to the language of the contract itself, that the contracting parties clearly intended to confer on the plaintiff (or on

---

[3] The same goes for the plaintiff's citation, without argument, to the provision that EOM "'shall take proper safety and health precautions to protect the work, the workers, the public and the property of others.'" (Doc. 65 at 3, 6 (quoting Doc. 9-1 at 173)).

the class to which he belongs) not just a benefit but the right to sue in contract to enforce that benefit.

Because *Interface Kanner* cited three sections of the Restatement (Second) of Contracts, the plaintiff asks the Court to analyze and decide this case based on two of the illustrations given in that authority. (Doc. 65 at 10). The Eleventh Circuit did not cite or acknowledge these, or any other, illustrations. Because the plaintiff has not demonstrated that these illustrations either apply here or are consistent with the analysis adopted by the Eleventh Circuit, the Court declines the plaintiff's invitation.

The plaintiff next asks the Court to follow several Alabama cases that, although involving state or local government contracts, employed the standard applicable to private contracts. (Doc. 65 at 7-9). Alabama is of course free to adopt its own standard, but the Court is not free to abandon the governing federal standard in favor of a different state approach.[4]

"[A] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint." *McElmurray v. Consolidated Government*, 501 F.3d 1244, 1251 (11th Cir. 2007). The plaintiff insists that EOM's attack is strictly facial, (Doc. 65 at 1-2), while EOM responds that it has also made a factual attack, since it relies on the Contract. (Doc. 67 at 1-3). The plaintiff is correct.

A factual challenge denies that jurisdiction exists "irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *McElmurray*, 501 F.3d at 1251 (internal quotes omitted). On a facial challenge, review is typically limited, as in *McElmurray*, to "the complaint and the attached exhibits." *Id*.[5]

---

[4] The plaintiff cites a sister federal court that applied Alabama law in the context of a federal contract. (Doc. 65 at 9-10). This decision is unpersuasive, both because it was issued years before *Interface Kanner* and because there is no indication the defendant requested that a different, federal rule be applied.

[5] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

The only document beyond the amended complaint on which EOM relies is the Contract, which the plaintiff did not attach as an exhibit to the amended complaint.

As noted, whether subject matter jurisdiction exists depends on whether the plaintiff is an intended third-party beneficiary of the Contract, and that depends on the language of the Contract. The plaintiff did not append the Contract to his amended complaint as an exhibit, but his pleading quite properly makes the Contract the centerpiece of his claim for breach of that Contract. The amended complaint quotes freely from the Contract, and even more often employs paraphrases of the Contract's language introduced by the phrase, "the contract states," all for the stated purpose of showing that the plaintiff is "a third-party beneficiary of the contract." (Doc. 48 at 3-4).

A document that is not physically attached to a complaint is nevertheless "incorporated by reference into it" if the document is central to the plaintiff's claim, the complaint describes its contents, and the document's authenticity is not challenged. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *accord Brooks v. Blue Cross and Blue Shield, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). While this principle is most often employed in the context of motions to dismiss under Rule 12(b)(6), it applies as well to motions under Rule 12(b)(1). *Ferrer v. Yellen*, 659 Fed. Appx. 982, 984 & n.2 (11th Cir. 2016); *Wolff v. Secretary, Department of Health and Human Services*, 599 Fed. Appx. 372, 374 (11th Cir. 2015). Because the amended complaint describes its contents at length, because it is central to the plaintiff's claim for its breach, and because the parties do not contest its authenticity, the Contract is incorporated by reference into the amended complaint, and EOM's challenge to subject matter jurisdiction is facial.

"[I]n a factual challenge [to subject matter jurisdiction,] the district court must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss." *Douglas v. United States*, 814 F.3d 1268, 1274-75 (11th Cir. 2016) (internal quotes omitted). The plaintiff asks that, should the Court – contrary to the plaintiff's position – construe EOM's attack as factual, he be given an opportunity for such discovery before the Court resolves the instant motion. (Doc. 65 at 2). Because,

7

as discussed above, there is no factual challenge before the Court, the plaintiff is entitled to no discovery before the Court rules.[6]

The amended complaint expressly and repeatedly alleges that the plaintiff is a third-party beneficiary of the Contract and that it was intended to benefit him. (Doc. 48 at 3-4). The amended complaint also makes statements regarding the contents of the Contract that EOM believes are inaccurate. EOM argues that the plaintiff cannot avoid facial dismissal by these means. (Doc. 59 at 7-10). The Court agrees.

On a Rule 12(b)(1) motion, as on a Rule 12(b)(6) motion, "the court is not required to accept a plaintiff's legal conclusions." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). A complaint's declaration that the plaintiff is a third-party beneficiary of a contract is a classic legal conclusion. *E.g., Fuel-From-Waste, LLC v. Gold Coast Commodities, Inc.*, 2017 WL 75754 at *6 (N.D. Ala. 2017); *Shedd v. Wells Fargo Home Mortgage, Inc.*, 2014 WL 6451245 at *4 (S.D. Ala. 2014).

"Similarly, [on a Rule 12(b)(1) motion,] unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [the] plaintiff's allegations." *Sinaltrainal*, 578 F.3d at 1260 (internal quotes omitted). As relevant here, "if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." *Healthier Choices Management Corp. v. Phillip Morris USA, Inc.*, 65 F.4th 667, 673 (11th Cir. 2023) (emphasis and internal quotes omitted); *accord Lawrence v. United States*, 597 Fed. Appx. 599, 602 (11th Cir. 2015). To the uncertain extent that the amended complaint mischaracterizes the terms of the Contract, the Court has relied on the actual language of the Contract and not the amended complaint's description of those terms.

EOM seeks dismissal of the plaintiff's breach of contract claim against it with prejudice. (Doc. 59 at 12). That is not possible. "A dismissal for lack of subject matter

---

[6] The plaintiff identifies no discovery that could help him demonstrate he is an intended third-party beneficiary authorized to bring this contract claim. Given that, as discussed in text, the evaluation of such status in the context of federal contracts focuses on the language of the Contract itself, it is doubtful that he could identify any discovery "that is appropriate to the nature of the motion to dismiss." *Douglas*, 814 F.3d at 1274-75.

8

jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. United States v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).[7]

## CONCLUSION

For the reasons set forth above, EOM's motion to dismiss is **granted**. The sole claim against EOM is **dismissed without prejudice**.

DONE and ORDERED this 5th day of February, 2024.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[7] The Court's ruling, although not technically on the merits, is effectively dispositive of the merits since, because the plaintiff is not a third-party beneficiary authorized to sue on the Contract, he could not prove the elements of his claim for breach of contract.